IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BISHMAEL H. OBAMAS                                                        PLAINTIFF

    v.      Civil No. 13-2246

MIKE GODFREY, Sheriff, Polk
County, Arkansas; MS. VICKI, Chief
Jailer; SCOTT SAWYER, Jailer; and
DEWAYNE HARVEY, Jailer                                                    DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se*.

Plaintiff's claims arise out of his treatment and arrest on July 13, 2009.  This case was filed on November 18, 2013.

Section 1983 does not contain its own statute of limitation.  Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)(§ 1981 case).  *See also Wilson v. Garcia*, 471 U.S. 261, 268 (1985)(§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996)(§ 1985 case). In Arkansas, this is the three year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases).  Thus, any claims based on events that occurred in July of 2009 would be barred by the statute of limitations.

I therefore recommend the case be dismissed with prejudice as it is barred by the statute of limitations.

**Plaintiff has fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that**

**objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of December 2013.


/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE